## Manning License

*George C. Eppinger,* for appellant.

*Rudolph M. Wertime,* for Commonwealth.

WINGERD, P. J., December 10, 1954.—

### Findings of Fact

1. On December 3, 1952, at about 5:45 p.m., appellant, Clifton A. Manning, drove an International truck tractor drawing a Fruehauf trailer, a combination of vehicles for which the maximum speed limit is 30 miles per hour, at a speed of about 50 miles per hour for a distance of seven tenths of a mile on the two-lane concrete highway known as United States Route No. 11 beween Middlesex and Carlisle, Pa.

2. The weather was clear, the highway dry and free of obstructions and traffic was light.

3. Appellant is an experienced truck driver having driven motor vehicles for about 20 years and is averaging about 50,000 miles per year.

4. There was no evidence or indication of any recklessness on the part of appellant or any improper

driving except excessive speed and he had never been arrested previously for any violation of The Vehicle code and had had no accident.

5. There was no accident involved in the present case.

6. Appellant was prosecuted by a State Police officer, pleaded guilty and paid the fine and costs without a hearing.

7. The Secretary of Revenue suspended appellant's license for a period of 90 days on the ground of "speeding" and from this action the present appeal is taken.

### Discussion

As in all appeals from the order of suspension of a driver's license by the Secretary of Revenue, this court heard the case de novo. As set forth in the findings of fact, supra, appellant is an experienced truck driver who has been driving motor vehicles for about 20 years. As a truck driver he was driving on an average of about 50,000 miles per year. He had never been arrested for any violation of The Vehicle Code nor had any accident. He was driving a large tractor trailer, the speed for which, as defined by The Vehicle Code, is 30 miles per hour, at approximately 50 miles per hour on a clear, dry day on a level concrete road in the evening about dusk. There was very little traffic and no evidence of any improper operation of the truck except excessive speed.

The facts of this case are almost exactly the same as Hardwick Automobile License Case, 348 Pa. 266, in which the lower court concluded that the " 'case does not appear so grave as to warrant a double penalty' and sustained the appeal."

The Supreme Court on review stated; "There is nothing in the record requiring this Court to hold that there has been a manifest abuse of discretion by the court below."

This court feels to impose a suspension of driver's license in the instant case is too severe a penalty under all the circumstances and that the appeal should be sustained.

Now, December 10, 1954, the order of the Secretary of Revenue is reversed and the suspension vacated at the cost of the Commonwealth.